UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOAN PETERS,

                              Plaintiff,

          v.                                              **DECISION AND ORDER**
                                                            12-CV-234-A
ROBERT C. NOONAN, New York
  State Acting Supreme Court Justice,
  County of Genesee, and Genesee
  County Court and Surrogate Judge,

                              Defendant.

---

The plaintiff, Joan Peters, has moved pursuant to Fed. R. Civ. P. 65(b) and

42 U.S.C. § 1983 for a temporary restraining order against the defendant, Judge

Robert C. Noonan, Genesee County Surrogate Judge, to stop Judge Noonan

from probating a will made by her son, David C. Peters.  The will purports to

bequeath to various persons, pursuant to New York law, land and other property

that is located within reservation territory of the sovereign Tonawanda Band of

Seneca Indians (the "Nation") to which plaintiff Joan Peters claims rights under

the Nation's laws that are superior to the rights of her deceased son.  The plaintiff

alleges that Judge Noonan's exercise of jurisdiction over the property of her son's

estate located within reservation territory violates her rights as a member of the

Nation that are granted or reserved to her by the United States Constitution and

by two Native American Treaties.  The will of David C. Peters also purports to bequeath substantial property located outside reservation territory.

In support of her motion for a temporary restraining order, plaintiff Joan Peters asserts that she may be evicted from her residence and a family business if Judge Noonan continues to probate the will of David C. Peters.  She also alleges that, if she follows the laws of the Nation regarding inheritance, as she must, she risks criminal prosecution by New York authorities for not submitting to Judge Noonan's asserted authority under New York law.  She seeks the temporary restraining order to protect her civil rights from irreparable harm pursuant to 42 U.S.C. § 1983.

For the reasons stated below, the Court denies plaintiff Joan Peters' motion for a temporary restraining order on the parties' written submissions and without a hearing pursuant to Fed. R. Civ. P. 79(b).  The plaintiff asserts that she will suffer irreparable harm, but she is unable to establish that she will suffer a redressable injury that is within the Court's subject matter jurisdiction.  Counsel for the parties and for the proposed intervenor, Thomas W. Peters, are directed to appear for a status conference on May 22, 2012, at 9:30 a.m., to set a schedule for submissions on why the case should not be dismissed for lack of subject matter jurisdiction and to address other matters.

**BACKGROUND**

On March 22, 2012, plaintiff Joan Peters filed a Complaint alleging violations of her rights under the U.S. Constitution and two Native American Treaties by Judge Noonan in his capacity as Genesee County Surrogate Judge as he probated the will of David C. Peters.  The plaintiff invokes this Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and its civil-rights jurisdiction pursuant to 28 U.S.C. § 1343.

Plaintiff Joan Peters is an enrolled member of the Tonawanda Band of Seneca Indians.  The plaintiff's son, David C. Peters, was an enrolled member of the Nation before he passed away in 2011.  Thomas W. Peters is a co-executor of the estate of David C. Peters, his brother, and is also a son of plaintiff Joan Peters.  Thomas W. Peters is also an enrolled member of the Nation.  Among the primary beneficiaries of the will of David C. Peters that is being probated by Judge Noonan in Genesee County Surrogate's Court is Coreen Thompson, David C. Peters' daughter, who is the plaintiff's granddaughter.  Coreen Thompson is also an enrolled member of the Nation.

Plaintiff Joan Peters alleges in her Complaint that the Nation is duly recognized as retaining sovereign authority to self-government, including the authority to determine uses of reservation lands[1] and to determine lines of

---

[1]  Some history of the reservation territory of the Tonawanda Band of Seneca Indians is summarized in United States v. National Gypsum Co., 141 F.2d 859, 860-61 (2d Cir. 1944) and Hatch v. Luckman, 64 Misc. 508, 512-515 (N.Y.Sup. 1909).

inheritance among its members.  The plaintiff maintains that the Nation's authority over these matters is exclusive and that the courts of New York state lack jurisdiction to probate any part of an estate of a member of the Nation involving property on or within reservation territory.

Plaintiff Joan Peters alleges that her son, David C. Peters, passed away on August 10, 2011.  She alleges that she and her son had together managed and operated a family business known as the Arrowhawk Smoke and Gas Shop, located on premises within reservation territory in Genesee County, New York, for which the plaintiff holds Native American title.  She alleges that her son also maintained a residence on premises within reservation territory to which she holds Native American title.  The plaintiff specifically alleges and represents that she has valid and superior claims to allotment, ownership and inheritance under laws of the Nation that provide for matrilineal descent — inheritance through the maternal line — of the real property and the business of Arrowhawk Smoke and Gas Shop, of the premises of David C. Peters' residence on reservation territory, and of all other property of her son's that is located within reservation territory.

Plaintiff Joan Peters alleges that the will made by her son, David C. Peters, was offered for probate in the Genesee County Surrogate's Court, before Judge Noonan, on about September 19, 2011.  The will provides, in part:

> I[, David C. Peters,] direct that the Indian Tribal Council or Chiefs Council shall not control any portion of my estate administration other than any property rights, heirship or

4

> title restrictions, which can be controlled or governed only
> by Native American or Seneca law. In the event of any
> apparent possible or alleged conflict of laws, the laws of
> the State of New York shall prevail and all matters herein
> referred to shall be controlled according to New York State
> law.  I make this decision, not because of any lack of
> respect and honor for my sovereign nation, the Seneca
> Nation of Indians, nor my status as a Native American, but
> because of my desire that all of my property be controlled
> by one set of laws no matter where the property (real or
> personal) may be located and that my entire estate be
> administered consistent with my overall financial plan.

This provision specifically acknowledges that disposition of some property of the estate of David C. Peters may be subject to exclusive control of the Nation.  It purports to choose New York law over Native American or Seneca Nation of Indians law and follows a paragraph that chooses New York Surrogate's Court as the venue for probate of the will.

The will of David C. Peters bequeaths to various beneficiaries real and personal property that is located both on and off reservation territory.  The will also contains a no-contest clause purporting to disinherit any beneficiary who opposes either probate of the will or the disposition of property of the estate according to the terms of the will.  Plaintiff Joan Peters asserts that she is not contesting the will, even though she disputes that any of her deceased son's property on or within reservation territory is subject to New York law and even though she disputes that Judge Noonan, or any New York court, has jurisdiction over any of that property.

Plaintiff Joan Peters represents that the Genesee County Surrogate's Court has issued testamentary letters to co-executors named in the will and that Judge Noonan has taken other steps to probate the will of David C. Peters pursuant to an assertion of concurrent jurisdiction under 25 U.S.C. § 233, N.Y. Indian Law § 5, and other New York laws[2].  Some of Judge Noonan's actions to probate the will have been taken because of motions filed in Genesee County Surrogate's Court before Judge Noonan by legal counsel for Coreen Thompson, David C. Peters' daughter, the plaintiff's granddaughter, and a named beneficiary of land, the Arrowhawk Smoke and Gas Shop, and other property located on reservation territory purportedly disposed of by the will.  Among other orders, Judge Noonan directed that a hearing be held for an allocation of assets and profits of the Arrowhawk Smoke and Gas Shop.  On May 2, 2012, Judge Noonan ordered that books and records of the Arrowhawk Smoke and Gas Shop be made available to Coreen Thompson.

Plaintiff Joan Peters has not formally intervened as a party in the probate proceedings before Judge Noonan in the Genesee County Surrogate's Court, but she filed a written request that Judge Noonan refer the matter to the Nation so that the Nation could dispose of any property of her son's estate on or located

---

[2]  Title 25 U.S.C. § 233 and N.Y. Indian Law § 5 purport to confer concurrent jurisdiction in New York state courts over civil matters involving Native Americans.  See e.g., In re Jimerson's Will, 68 Misc.2d 945 (Erie Co. Sur. 1972) (Surrogate Court of first filing of will assumed concurrent jurisdiction to probate the will over later-invoked concurrent jurisdiction of Seneca Nation forum).

within reservation territory under the Nation's law.  Judge Noonan denied the
plaintiff's request, but he directed that the plaintiff seek to intervene in the probate
proceedings before him.  She has declined to do so.  The plaintiff has not
explained why she has not appeared in the probate proceedings to make her
jurisdictional arguments in the Genesee County Surrogate's Court.

In support of her motion for a temporary restraining order, plaintiff Joan
Peters relies upon 42 U.S.C. § 1983, and this Court's preliminary injunction
decision in Bowen v. Doyle, 880 F.Supp. 99, 116 (W.D.N.Y. 1995).  The plaintiff
relies upon the Treaty of November 11, 1794, 7 Stat. 44, the Treaty of 1857, 11
Stat. 735, the Commerce Clause, the Indian Commerce Clause, and the Equal
Protection Clause of the United States Constitution.  U.S. Const., art I, § 8, cl. 3
and U.S. Const. Amend. V, XIV.

Plaintiff Joan Peters represents that she has taken steps to present her
claims of right to the property identified in David C. Peters' will to the Tonawanda
Band of Seneca Indians.  The plaintiff specifically claims Native American title to
the land and business of the Arrowhawk Smoke and Gas Shop and to premises
on which a residence is located on reservation territory.  The plaintiff represents
that she has been directed by her Hawk clan mother, a person she is required by
traditional ways of the Nation to obey, not to permit transfer of any property on or
located within reservation territory by New York courts.  The plaintiff represents
that her clan mother agrees with the plaintiff's claims of superior right to all of the

property identified in the will of her son, David C. Peters, that is located on or within reservation territory.  The plaintiff represents that her clan mother specifically forbade her to allow any of that property to be transferred to a member of the Bear clan, such as Coreen Thompson, because the transfer would dilute Hawk clan holdings to the detriment of the standing of the Hawk clan in the Nation.  The plaintiff represents that some members of the Council of Chiefs of the Nation have discussed the matter.

After plaintiff Peters' Complaint and motions for a temporary restraining order and a preliminary injunction were filed, the Court set a schedule for submissions and held a status conference on April 10, 2012 and directed the parties to file additional submissions on the adequacy of the remedies at law available to the plaintiff, whether necessary parties are required to be added, and describing the case or controversy within the Court's jurisdiction presented by this case.

The Court later granted a request by the Nation to file an amicus brief on any issues the Nation felt would help the Court to determine whether a case or controversy within the Court's subject matter jurisdiction exists.  The Nation's brief asserts that the Nation has exclusive jurisdiction over the disposition of all property of members within its reservation territory.  It indicates that an adjudicatory process is underway within the Nation to determine the property rights with respect to real property located on reservation territory purportedly

8

disposed of by the will of David C. Peters that is being probated by Judge Noonan.  It provides no further information about the nature of the process, the status of the process, the likely time-frame for completion of the process, or the likely outcome of the process[3].  It does not address whether the process may trigger a tribal-exhaustion rule.  The Nation's brief confirms generally that the Nation takes the position that land within reservation territory of the Nation is not owned individually by citizens of the Nation who may be allowed to use and to occupy it.

The Nation did not confirm in its amicus brief that descent of allotments of land or of other property located on reservation territory upon a member's death is strictly matrilineal and it did not confirm any of the plaintiff's specific claims of right to any specific parcels of land, to the Arrowhawk Smoke and Gas Shop, or to any other property.  The Nation did not indicate whether provisional remedies are available to it, or to its members, in a Nation forum, to compel members to stay proceedings in Genesee County Surrogate's Court pending disposition of competing claims to property under the Nation's law such as the competing claims to property within the estate of David C. Peters.

On May 17, 2012, Thomas W. Peters, co-executor of the estate of David C.

---

[3]  An affidavit of Chief Roger Hill, a member of the Council of Chiefs of the Nation, filed with the amicus brief of the Tonawanda Band of Seneca Indians confirms that the Nation initiated  "an adjudicatory process"  to determine the rights to the parcels real property in the estate of David C. Peters pursuant to the Nation's law.

9

Peters, filed a motion to intervene in this case and to join in the motion of plaintiff Joan Peters, his mother, for a temporary restraining order against Judge Noonan. Thomas W. Peters represents that he has been ordered by Judge Noonan to take steps as co-executor of the estate of David C. Peters to, among other things, sign and release a deed purporting to transfer real property containing a residence and other property located within reservation territory to Coreen Thompson and that he has been specifically directed by the Nation not to comply with orders of Genesee County Surrogate's Court.  Thomas W. Peters represents that he faces penalties by New York state if he does not comply with the orders of the Genesee County Surrogate's Court, including his removal as co-executor of the estate and possible contempt proceedings, but that he is bound not to comply by direction of Chief Roger Hill of the Council of Chiefs of the Nation.

Thomas W. Peters has not informed the Court whether he sought a ruling as co-executor of the estate of David C. Peters from the Genesee County Surrogate's Court that the Nation has exclusive jurisdiction over property within the estate located on reservation territory.  He represents that he may be removed as co-executor during proceedings in Genesee County Surrogate's Court on May 18, 2012, and that he and his co-executor may be replaced as executors by Coreen Thompson.

**DISCUSSION**

The Standard for a Temporary Restraining Order.  A temporary restraining

order is among  "the most drastic . . . of remedies."  Grand River Enterprise Six

Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (quoting Hanson Trust PLC

v. SCM Corp., 74 F.2d 47, 60 (2d Cir. 1985)).  The party seeking a temporary

restraining order bears the burden to establish  "by a clear showing"  that the

remedy is necessary and that the essential prerequisites for issuance of the

temporary restraining order are met.  Mazurek v. Armstrong, 520 U.S. 968, 972

(1997).  A temporary restraining order may only be issued when a plaintiff has

established a likelihood of success on the merits of the plaintiff's claims and that:

(1) "he is likely to suffer irreparable injury in the absence of an injunction"; (2)

"remedies at law, such as monetary damages, are inadequate to compensate for

that injury"; (3) the balance of hardships tips in his favor; and (4) "the 'public

interest would not be disserved' by the issuance of [injunctive relief]."  Salinger v.

Colting, 607 F.3d 68, 80 (2d Cir.2010) (referring to identical preliminary injunction

standard; citing eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).

An even stronger showing of likelihood of success on the merits and of potential

harm is required when a party seeks mandatory relief beyond an order that would

maintain the status quo.  See Abdul Wali v. Coughlin, 754 F.2d 1015, 1026 (2d

Cir. 1985) (preliminary injunction), overruled on other grounds, O'Lone v. Estate

of Shabazz, 482 U.S. 342 (1987).  For the reasons that follow, plaintiff Joan

Peters is not entitled to the extraordinary relief that she seeks in this case.

Subject Matter Jurisdiction.  The Court must begin by addressing its subject matter jurisdiction.  "It is a fundamental precept that federal courts are courts of limited jurisdiction."  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  Federal courts  "possess only that power authorized by Constitution and statute, which is not to be expanded upon by judicial decree."  Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction . . . ."  Id.

Parties to a federal case cannot waive a lack of federal subject matter jurisdiction by agreement or by conduct.  Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).  Neither plaintiff Joan Peters nor the Court can  "avoid addressing the threshold question of jurisdiction simply because [a] finding that federal jurisdiction does not exist threatens to prove burdensome and costly . . . ."  Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir.2001).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

The most fundamental limits on federal courts' jurisdiction derive from Article III, § 2, of the United States Constitution which limits federal jurisdiction to nine categories of  "cases"  and "controversies."  Among the familiar justiciability

doctrines that implement the case and controversy requirements of the Constitution are the requirements that there be a specific, actual dispute, see Muskrat v. United States, 219 U.S. 346 (1911); that the plaintiff alleges that the defendant's conduct caused harm that is actually redressable by a remedy that can be ordered by the court, see Allen v. Wright, 468 U.S. 737, 751 (1984); and that federal courts never issue advisory opinions.  See Calderon v. Ashumus, 523 U.S. 740 (1998).

It is plaintiff Joan Peters' burden to establish that the Court has subject matter jurisdiction over this action and she  "must carry throughout the litigation the burden of showing that [s]he is properly in [this] court." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 612 n.28 (1979)  (that subject matter jurisdiction is a plaintiff's burden is the "settled rule . . . especially . . . in a court[s] of limited jurisdiction").  When the plaintiff's jurisdictional allegations are challenged, she  "must support them by competent proof." McNutt, 298 U.S. at 189; Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

The Case and Controversy.  The complaints of plaintiff Joan Peters in this case are:  (1) that New York courts lack concurrent jurisdiction with Nation authorities to administer property of a deceased member of the Nation when the property is located within reservation territory; and, (2) that the plaintiff will unlawfully be deprived of her superior rights under Nation law to inherit certain

13

property located within reservation territory if the defendant, Judge Noonan, probates the will of her son, David C. Peters.  The actual controversy that may properly be before the Court suffers from some indeterminacy, however.

The will of David C. Peters being probated in the Genesee County Surrogate's Court plainly acknowledges that the disposition of some property of the estate may be subject to exclusive control of the Nation.  Nevertheless, the Genesee County Surrogate's Court has not been formally asked by a party before it or an intervenor to defer to a superior jurisdiction of the Nation with respect to property of the estate located on reservation territory.  Neither has a party to the probate proceeding asked Judge Noonan to apply Nation law to the will of David C. Peters pursuant to a conflicts of laws analysis.  Under these circumstances, this Court is unable to find that Judge Noonan would refuse to defer to a claim of superior jurisdiction of the Nation, if it is a legally valid claim.

The Court finds that the Nation, in turn, has begun an adjudicatory process to determine the property rights with respect to real property located on reservation territory purportedly disposed of by the will of David C. Peters that is currently being probated by the Genesee County Surrogate's Court.  Yet the Court has no information about the nature of this process, the status of the process, the likely time-frame for completion of the process, or the likely outcome of the process.  The Court can only speculate about the outcome of the Nation's process.

14

On this record, plaintiff Joan Peters moves for a temporary restraining order against Judge Noonan on an assumption that the plaintiff's claims of the Nation's exclusive jurisdiction to adjudicate her claims of superior right to the property of her deceased son located on reservation territory will be disregarded by Judge Noonan while her claims of right to the property will be adopted and enforced by the Nation. Since the Nation has so far not acted to rule on the plaintiff's claims, and since the Nation has so far declined to direct that its members plaintiff Joan Peters, Coreen Thompson, and Thomas W. Peters, co-executor of the will, cooperate to seek a delay of the Genesee County Surrogate's Court probate proceedings to allow the Nation time to rule on the plaintiff's claims, the Court finds that the plaintiff's assumption of vindication under Nation law to be too speculative. On the record before the Court, the Court can as readily speculate that the Nation will distribute some or all of the property and allotments located on reservation territory that within the estate of David C. Peters outside the maternal line and in accordance with the express wishes of David C. Peters as reflected in the will that is being probated in the Genesee County Surrogate's Court. The controversy before the Court suffers from indeterminacy.

The Court will not address without input from the parties whether this case must be dismissed on a justiciability or on another ground or grounds. The Court expresses no view on that now. Nevertheless, the indeterminacy of the pending

controversy informs the Court's analysis of other significant issues raised by plaintiff Peters' motion for a temporary restraining order that have been overlooked by the parties.

Authority for an Injunction.  In support of her motions for a temporary restraining order and a preliminary injunction, plaintiff Joan Peters relies upon 42 U.S.C. § 1983, and this Court's preliminary injunction decision in Bowen v. Doyle, 880 F.Supp. 99 (W.D.N.Y. 1995).  Section 1983 prohibits conduct which, "under color of [state law] . . . subjects [a person], or causes [a person] to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  Id.  The Supreme Court authorized prospective injunctive relief pursuant to section 1983 against judicial officers acting in an official capacity of the kind that the plaintiff seeks in Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).  See also Mireles v. Waco, 502 U.S. 9, 10 n.1 (1991) (judicial immunity did not bar prospective injunctive relief).

However, section 1983 has been amended since Pulliam was decided by the Supreme Court and since this Court's decision in Bowen v. Doyle, 880 F.Supp. 99 (W.D.N.Y. 1995).  Section 1983 now specifically provides that:

> in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.  See Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317,

110 Stat. 3847, 3853 (1996).  Injunctive relief cannot be granted pursuant to §

1983  "unless a declaratory decree was violated or declaratory relief was

unavailable."  Id.; Huminiski v. Corsones, 396 F.3d 53, 74 (2005); Montero v.

Travis, 171 F.3d 757, 761 (2d Cir.1999).

Neither the parties, nor the Nation in its filings as amicus curiae, have

acknowledged that § 1983 was amended to preclude injunctive relief against

judicial officers, absent special circumstances.  Judge Noonan is named in this

action in his official capacity and there are no allegations in the complaint, or in

any of plaintiff Joan Peters' filings, that a declaratory decree was violated or that

declaratory relief was unavailable to the plaintiff.

More specifically, plaintiff Joan Peters' Complaint refers to Judge Noonan

by his official title, it alleges at paragraph 4 that all New York courts should be

bound by the injunction that the plaintiff seeks, and it does not seek a damages

remedy.  Defendant Noonan has raised no individual-capacity defenses, though it

appears to the Court that he would be immune personally for the actions alleged

in the Complaint.  Although a party is not required to plead a party's capacity,

Fed. R. Civ. P. 9(a)(1), the course of the proceedings in this case so far

demonstrate that Judge Noonan is named in the Complaint in his official capacity.

See e.g., Rodriguez v. Phillips, 66 F.3d 470, 482 (2d Cir. 1995) (course-of-

proceedings test of defendant's capacity).  The plaintiff's Complaint asks for

declaratory relief, though it does not allege a statutory basis for it.  The

amendment to § 1983 therefore appears to bar plaintiff Joan Peters' motion for a injunctive relief against Judge Noonan.

Plaintiff Joan Peters alleges no jurisdictional basis — other than § 1983 — for the Court to enter injunctive relief against Judge Noonan.  The plaintiff does not allege or argue that she has a private right of action against Judge Noonan directly under the Commerce Clause, the Indian Commerce Clause, or the Equal Protection Clause of the U.S. Constitution.  U.S. Const., art I, § 8, cl. 3 and U.S. Const. Amend. V, XIV.  She does not allege or argue that she has a private right of action authorizing injunctive relief directly under the Treaty of November 11, 1794, 7 Stat. 44, or the Treaty of 1857, 11 Stat. 735.  And the plaintiff faces still other substantial threshold issues.

The Probate Exception.  Among the limits of the Court's jurisdiction which neither party has raised, but which the Court must carefully consider, is the probate exception to federal subject matter jurisdiction.  Pursuant to this longstanding doctrine, federal courts have no jurisdiction to probate a will, to annul a will, or to entertain an action that would interfere with a probate court's control over property that is in the probate court's custody.  Marshall v. Marshall, 547 U.S. 293, 311-12 (2006).  The probate exception bars a federal court from doing anything to administer a will or to  "disturb or affect the possession of property in the custody of a state court."  Marshall, 547 U.S. at 311 (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)).

Plaintiff Joan Peters' motion for a temporary restraining order requests that this Court order Judge Noonan to take no further steps to probate the will of David C. Peters in so far as the will applies to property located on reservation territory of the Nation.  The plaintiff argues that federal law requires all such property to be subject to the exclusive jurisdiction of the Nation and beyond the jurisdiction of the New York state courts.

On the one hand, the temporary restraining order that the plaintiff seeks from this Court would annul — at least temporarily in order to preserve an opportunity to do so more permanently — the choice of New York law clause and the choice of New York forum clause in the will of David C. Peters that is now being probated by Judge Noonan in favor of  application of the Nation's laws in a Nation forum.  The plaintiff seeks ultimately to annul bequests of property made in the will of David C. Peters pending in the Genesee County Surrogate's Court in favor of disposition of the property to her by operation of the Nation's laws.  The temporary restraining order would potentially  "affect" the possession of property currently in the custody of the Genesee County Surrogate's Court by precluding Judge Noonan from disposing of the property in the course of the probate proceedings.  See Lefkowitz v. Bank of New York, 528 F.3d 102, 107 (2d Cir. 2007).  The plaintiff seeks ultimately to have this Court mandate that all property bequeathed in the will of David C. Peters located on reservation territory be excluded from the estate and that the property be released from any claim of

jurisdiction within the Genesee County Surrogate's Court probate proceedings. The temporary restraining order would potentially impinge upon core functions of the Genesee County Surrogate's Court in ways that are beyond the limits of this Court's subject matter jurisdiction.

On the other hand, a ruling by this Court on the jurisdictional arguments raised by plaintiff Joan Peters — that 25 U.S.C. § 233, N.Y. Indian Law § 5, and other New York laws do not confer concurrent jurisdiction of New York courts over the property that is on reservation territory that is before the Genesee County Surrogate's Court as part of David C. Peters' estate — would likely not violate the probate exception and could establish the plaintiff's claims to the exclusive jurisdiction of the Nation, if those jurisdictional arguments are legally sound and valid.  Lefkowitz, 528 F.3d at 108.  Ruling on the purely jurisdictional arguments would not, in theory, require the Court to take over any aspect of administration of the estate of David C. Peters.  Judge Noonan, in Genesee County Surrogate's Court, and other New York courts could be bound by the judgment of this Court, if this Court were to find that the Genesee County Surrogate's Court lacks authority over some kinds of property in the estate of David C. Peters on the ground that federal law makes that property subject to the sole and exclusive jurisdiction of the Nation, and such a judgment would likely not violate the probate exception.

Redressability.  The Court recognizes if plaintiff Joan Peters' jurisdictional

arguments are correct, then the Genesee County Surrogate's Court has no

jurisdiction over the property of David C. Peters' estate located on reservation

territory, and this Court would not be interfering with a lawful exercise of New

York jurisdiction by entering a temporary restraining order to preserve the status

quo pending a hearing on a preliminary injunction.  In that case, however, and for

the same reasons, not to mention the probate exception to federal subject matter

jurisdiction, this Court will itself have no jurisdiction over the property located on

reservation territory being subjected to the Nation's adjudicatory process to

determine the heirs who will receive the property.  See e.g., Bowen v. Doyle, 880

F.Supp. 99, 116 (W.D.N.Y. 1995) (noting that 25 U.S.C. § 233 does not abrogate

Seneca Nation rights under the Treaty of November 11, 1794, 7 Stat. 44,  "to

self-government and exclusive jurisdiction over its internal affairs."); In re Sac &

Fox Tribe of the Mississippi in Iowa, 340 F.3d 749, 763-64 (8th Cir. 2003) (federal

court lacks jurisdiction over internal tribal matters); Wade v. Blue, 369 F.3d 407,

412 (4th Cir. 2004) ("There is simply no role granted to the federal courts to

adjudicate internal tribal matters.").

Yet the Genesee County Surrogate's Court will still have undisputed

jurisdiction over the property of David C. Peters' estate that is located off

reservation territory, and because of the probate exception to federal subject

matter jurisdiction, this Court will have no jurisdiction over any of the off-

reservation property.  Under these circumstances, the Court would have no jurisdiction to compel enforcement of the temporary restraining order that the plaintiff seeks.  The Court would be without authority to compel disposition of any of the assets of the estate of David C. Peters, no matter which other forum had assumed jurisdiction over the property.  As a practical matter, the temporary restraining order would be unenforceable and whether it would serve to redress the potential irreparable injury of which the plaintiff complains would depend upon the voluntary compliance of beneficiaries of the will of David C. Peters, the Nation, and the New York courts.

Necessary Parties.  Plaintiff Joan Peters' redressability problem may not be insurmountable if she seriously addresses the likely need to add necessary parties, assuming her action can be maintained.  The injunctive relief that she seeks here will  "impair or impede [other beneficiaries'] ability to protect"  their interests in probate of the will in accordance with the terms of the will.  Fed. R. Civ. P. 19(a)(1).  Neither the plaintiff nor counsel for Judge Noonan seem to recognize that they must give serious consideration to whether the estate of David C. Peters is itself a necessary and indispensable party to this action under federal law.

Largely because of the threshold issues that the Court has identified above, the Court is unable to find even a likelihood that plaintiff Joan Peters may be entitled to pursue injunctive relief against Judge Noonan, let alone a likelihood

that she will succeed on the merits of her civil rights claims under § 1983.  For this reason alone, she is unable to meet the prerequisites for a temporary restraining order.  See Salinger v. Colting, 607 F.3d 68, 80 (2d Cir.2010).  Further, because of the strictures of the probate exception to federal subject matter jurisdiction, the Court lacks the authority to enter injunctive relief that would be broad enough and enforceable enough to actually redress the injuries of which the plaintiff complains.  The Court therefore denies pursuant to Rule 65(b) the plaintiff's motion for a temporary restraining order.

## **CONCLUSION**

For all of the reasons that are stated above, the Court denies the motion of plaintiff Joan Peters pursuant to Fed. R. Civ. P. 65(b) for a temporary restraining order and the Court finds pursuant to Fed. R. Civ. P. 79(a) that no hearing is required to deny the motion.  Counsel for plaintiff Joan Peters and defendant Noonan shall file responses to the motion to intervene of Thomas W. Peters, or notice of their consent to his intervention as a plaintiff, by 5:00 p.m. on May 21, 2012.[4]

Counsel for the parties and for the proposed intervenor, Thomas W. Peters, shall appear for a status conference on May 22, 2012, at 9:30 a.m., to set

---

[4]  Defendant Noonan's counsel is advised that further unexcused failures to comply with Court orders to address legal questions will not be tolerated.  See Text Order 20 concerning such an unexcused failure, a second-chance Order which was itself not complied with by defendant Noonan's counsel.

a schedule for submissions on why the case should not be dismissed for lack of subject matter jurisdiction; whether the Complaint may be amended; and, if so, to again address whether there are necessary, indispensable parties; and whether a hearing for a preliminary injunction should be scheduled.

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 18, 2012