UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOAN PETERS,

                                  Plaintiff,           Case # 12-CV-234-FPG

v.                                                        DECISION AND ORDER

HONORABLE ROBERT C. NOONAN, et al.,

                                  Defendants.
_____

Plaintiff Joan Peters brought this action to enjoin a state probate proceeding involving property located on reservation lands of the Tonawanda Band of Senecas. *See* ECF No. 36. In response to the Court's order on the issue of mootness, Plaintiff submitted a report on the status of the state proceedings on March 18, 2020. ECF No. 52. She states that the proceedings are ongoing and that this case is not moot. The Court need not address that issue, however, because it concludes that Plaintiff has not brought a cognizable § 1983 claim.

In her amended complaint, Plaintiff seeks declaratory and injunctive relief against Defendant Honorable Robert C. Noonan pursuant to 42 U.S.C. § 1983.[1] *See* ECF No. 36 at 1-2, 12-14. In substance, she asks the Court to bar Defendant from taking any actions or exercising any jurisdiction with respect to the property located on reservation lands.

But § 1983 expressly prohibits the Court from granting such relief. The statute provides that injunctive relief is not available "against a judicial officer for an act or omission taken in such

---

[1] Plaintiff also suggests that, aside from § 1983, she may bring an implied cause of action against Defendant under the Supremacy Clause and the Treaty of Canandaigua *See* ECF No. 29 at 4, 6. The Court disagrees. In *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320 (2015), the Supreme Court held that the Supremacy Clause does not create a private right of action. *Armstrong*, 575 U.S. at 327. Moreover, the express bar on injunctive relief under § 1983 evinces Congress's intent to foreclose equitable relief. *See id.* at 328. Likewise, Plaintiff identifies no language in the Treaty of Canandaigua from which the Court could an infer an individual private right of action. *See Mora v. New York*, 524 F.3d 183, 201 (2d Cir. 2008) (noting the presumption that treaties do not create "privately enforceable rights in the absence of express language").

officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The Second Circuit has read this language to preclude both injunctive and declaratory relief against a judicial officer.[2] *See Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir. 2001) (summary order).

Here, Plaintiff makes no allegation that Defendant has violated a declaratory decree or that declaratory relief was unavailable. Therefore, § 1983 bars this action.

Citing *Hodges v. Mangano*, *Amicus* Tonawanda Band of Seneca Indians suggests that, notwithstanding the plain language of the statute, injunctive relief is available if the judicial officer's conduct was "clearly in excess" of his jurisdiction. ECF No. 35 at 9-11; *see also Hodges v. Mangano*, 28 F. App'x 75, 77 (2d Cir. 2002) (summary order). While *Hodges* could arguably be read for that proposition, two reasons militate against that interpretation.

First, the *Hodges* court cited the Federal Courts Improvement Act of 1996 for the language suggesting that injunctive relief could issue when a judicial officer acts in excess of his jurisdiction. But the language in the Act pertains to a judicial officer's liability for attorney's fees and costs, not the availability of injunctive relief. *See* Pub. L. 104-317 § 309(a), (b).

Second, and more fundamentally, the language on which *amicus* relies relates to a judicial officer's absolute immunity from suits for *money damages*. *See McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 123 (2d Cir. 2010) (summary order) (stating that judicial immunity protects a judicial actor from suits for money damages unless he "acted in the clear absence of all jurisdiction"). Because judicial officers "are not absolutely immune from suits for prospective injunctive relief," that standard does not come into play when considering whether an

---

[2] Even if the Court could exercise jurisdiction as to declaratory relief, given the concerns noted by Judge Arcara in his earlier order, ECF No. 26, the Court would not do so. *See The New York Times Co. v. Gonzales*, 459 F.3d 160, 167 (2d Cir. 2006) (listing factors to consider before entertaining a declaratory judgment action).

2

injunction should issue.  *Id.* at 124; *see also Buhannic v. Friedman*, No. 18-CV-5729, 2019 WL 481732, at *4 (S.D.N.Y. Feb. 7, 2019) (collecting cases).  Rather, it is the statute that governs when injunctive relief is available, and it is only available when "a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; *see also Buhannic*, 2019 WL 481732, at *4.

Accordingly, under § 1983, Plaintiff cannot obtain the relief she seeks, and dismissal is therefore proper.  Defendant's motion to dismiss (ECF No. 8) is GRANTED.  The amended complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close the case.  Plaintiff's motion for a preliminary injunction (ECF No. 4) is DENIED AS MOOT.  *Amicus*'s motion for leave to file a supplemental brief (ECF No. 34) is GRANTED.

IT IS SO ORDERED.

Dated: March 19, 2020
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court